Filed 02/04/25

VERMONT SUPERIOR COURT          CIVIL DIVISION

Washington Unit                                Case No. 24-CV-00392

65 State Street

Montpelier VT 05602

802-828-2091

www.vermontjudiciary.org

---

State of Vermont v. Codling Brothers Logging, et al.

---

## Opinion and Order on Plaintiff's Motion to File Amended Complaint

Plaintiff, the State of Vermont, brought this action roughly a year ago alleging that Defendant Codling Brothers Logging, a general partnership that engages in timber harvesting, together with three brothers who operate that firm, engaged in "unfair and deceptive acts or practices in commerce," in violation of the Vermont Consumer Protection Act ("CPA"), at 9 V.S.A. § 2453(a). To summarize broadly, Defendants' alleged acts or practices consisting of defrauding the owners of separate timber stands by harvesting more timber than was agreed upon, failing to pay a proper share of the profit for timber that was taken by Defendants, and damaging property by not harvesting in the manner promised. By motion filed on December 6, 2024, the State proposes to amend its original Complaint by alleging that Defendants, who employed workers to perform timber harvesting and other duties, failed to keep records of the hours worked or the wages paid to such workers, as required under 21 V.S.A. § 393.

The State seeks to justify the timing of its proposed amendment on grounds that it only obtained information supporting the amendment quite recently, through Defendants' belated responses to written discovery made in early November 2024. It further asserts that delay and prejudice to Defendants will be minimal because discovery relating to the new allegations should be straightforward, as the proposed amendment is

merely comprised of "additional allegations" that will allow the State to "seek additional civil penalties as part of its broader claim" under the CPA.

Defendant opposes the amendment arguing that it is merely a surprise pressure tactic that is being employed by the State out of frustration at its inability to achieve a satisfactory settlement of the consumer fraud action. Defendants place emphasis on the timing of the State's action, suggesting that the State intentionally "sat on" the delinquent recordkeeping theory while litigating the consumer fraud issues, and then— just as the State realized that the parties' settlement efforts were going nowhere— sprung what is a truly new and distinct theory of liability on Defendants. Defendants' reasoning is that by failing to introduce the theory earlier, the State has acted in bad faith: lying in wait, before saddling Defendants with what amounts to a new case, with all the attendant discovery and other pre-trial obligations that should have been raised earlier. Defendants see the proposed amendment as a tactical move that threatens and pressures Defendants, not merely with additional civil penalties, but with increased litigation costs and a substantially delayed resolution of what Defendants had been led to believe was a case only about alleged consumer fraud.

I.    Procedural Standard

Vt. R. Civ. P. 15(a) provides that leave to amend a complaint shall be freely given by the court "when justice so requires." In Vermont, this provision has been liberally construed in favor of allowing parties to amend their pleadings. *Lillicrap v. Martin*, 156 Vt. 165, 170 (1991). "The principal reasons underlying the liberal amendment policy are (1) to provide maximum opportunity for each claim to be decided on its merits rather than on a procedural technicality, (2) to give notice of the nature of the claim or defense,

and (3) to enable a party to assert matters that were overlooked or unknown to him at an earlier stage in the proceedings." *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 4, 184 Vt. 1, 5 (quoting *Bevins v. King*, 143 Vt. 252, 255 (1983)).

Leave to amend is not always granted, however. It may be denied when the just and expeditious disposition of the dispute between the parties will not be advanced via the amendment. In making that determination, the Court analyzes whether the proposed amendment: (1) would result in undue delay; (2) is brought in bad faith; (3) would result in unfair prejudice to the opposing party; or (4) would be "futile" in that it would fail to state a claim upon which relief can be granted. *Perkins v. Windsor Hosp. Corp.*, 142 Vt. 305, 313 (1982).

## II.     Analysis

### A.     Bad Faith

The Court does not find that the proposed amendment is sought in bad faith or for an improper purpose. Defendants have not convinced the Court that the timing of the proposed amendment is suspect. Defendants offer nothing to refute the State's assertion that it first learned of facts supporting its proposed amendment in November 2024, upon receipt of Defendants' responses to written discovery, which was served on Defendants in June. The State's proposed amendment, thus, came only a month after it initially had grounds to seek leave to amend. The contention that it was "sitting on" the theory or lying in wait during the several preceding months of litigation and settlement efforts has not been established. That makes this case distinguishable from one relied upon by Defendants, *Gauthier v. Keurig Green Mountain, Inc.*, 2015 VT 108, ¶¶ 44-46, 200 Vt. 125, 149-150, where the Vermont Supreme Court affirmed the denial of the plaintiff's

motion seeking to add new claims, on grounds that the evidentiary basis for such claims were not—contrary to plaintiff's assertions—first made available to him through defendant's eleventh-hour discovery responses.

Defendants also see bad faith or dilatory motive on grounds that the State's proposed amendment will require burdensome discovery and other litigation efforts, particularly because the State would introduce factual and legal issues that are distinct from those relating to consumer fraud. Yet, even accepting Defendants' premise that the new allegations do pertain to matters and events unrelated to consumer fraud, it is not as though the State controlled or was responsible for the subject matter of the information disclosed to it through Defendants' discovery responses. In other words, the new allegations in the proposed amendment do not appear to have been wholly contrived or orchestrated by the State in a purposeful effort to travel down what appears to be a new avenue in this case. Instead, the State is utilizing Rule 15(a) as intended—to assert matters that were unknown to it earlier in this proceeding.[1]

---

[1] Indeed, Defendants do not argue futility here. That the proposed allegations apparently would, if proven, support recovery of additional civil penalties in this case, somewhat blunts the force of an argument that the State's apparent change of course in litigation was undertaken with the specific intent to drive up litigation costs, cause delay, or unreasonably pressure Defendants to "surrender." By the same logic, if the proposed amendment is not obviously frivolous, that undercuts Defendants' sur-reply argument, that the State sought leave to amend in order to avoid its obligation to answer Defendants' longstanding written discovery requests seeking the basis for the State's original allegations of consumer fraud. Relatedly, Defendants indicate that they will soon engage in discovery motion practice, in an effort to obtain overdue answers and information from the State, and the Court does not see how or why granting leave to amend will affect the outcome of any such discovery motions.

B.    Underlined Delay

The State contends that additional new discovery resulting from its proposed amendment will be minimal on the theory that, for a recordkeeping violation, a defendant either has the records and can produce them, or it does not and cannot. The Court is not so sure. An employer is not liable under 21 V.S.A. § 393 unless the person performing work meets the definition of "employee" under 21 V.S.A. § 383(2). Thus, litigation over wage and hour violations may turn on whether the employer misclassified an "employee" as an independent contractor. *See* 21 V.S.A. § 387. Such litigation can be fact-intensive, as it can turn on evidence gathered from both the putative employee and his or her supervisors as to the nature of the relationship between the putative employee and the employer.

The resolution of that legal question can await another day, however. Either way, the Court is unable to find that the proposed amendment will result in undue delay of this case. The parties are evidently still engaged in discovery on the original claims, and there is no suggestion that the proposed amendment will require the parties to jettison their prior discovery efforts or repeat even some of them. Further, it does not appear that the parties were on the cusp of concluding the original litigation. The parties completed litigation on motions to dismiss, but they have not yet even filed a stipulated scheduling order for court approval. So, there is no order in this case setting a discovery deadline, a deadline for dispositive motions, or a trial-ready date. The proposed amendment will certainly require some additional discovery efforts concerning factual issues that are new to this case. Exactly how much, or to what extent, is not entirely clear. But, relative to the history and current posture of this case, the resulting delay

will likely be marginal, rather than "undue," as that term is used in the context of Rule 15.

### C.    Unfair Prejudice to Defendants

Lastly, Defendants have not convinced the Court that they will suffer unfair prejudice if the proposed amendment is allowed.  For example, they have not argued that the State will gain an unfair tactical or strategic advantage in litigating either the consumer fraud or the wage and hour violations, or both, if the latter violations are made part of this case.  Nor have they proffered that the proposed amendment will cause undue confusion for the trier of fact if the new claims were tried alongside the exiting consumer fraud claims.

Defendants' claim of prejudice appears to largely rest on having been "misled" by the State during the pendency of this case.  For the reasons stated above, though, the Court does not find the State's actions to have been purposefully misleading.  It is also unclear exactly what Defendants forfeited or lost or what harm they suffered in particular by having litigated consumer fraud claims on the assumption that there were no other issues in this case.  And, while Defendants have already spent resources to respond to the consumer fraud allegations in the original complaint, those efforts remain relevant and will not go to waste.  Nor have Defendants shown that any completed depositions would need to be redone in light of the new allegations.

At all events, as already determined, the proposed amendment simply will not result in an unjustifiable delay in this matter.  Nor is this a case where the motion was made after the filing of a summary judgment motion or on the eve of trial.  *Cf. Gauthier*, 2015 VT 108, ¶¶ 44-46, 200 Vt. at 149-150 (no abuse of discretion to deny amendment

sought after the other party filed its motion for summary judgment, since other party had already invested so much in the resolution of those claims); 6 Charles Wright & Arthur Miller, *et al., Fed. Prac. & Proc. Civ.* § 1488 (3d ed.) ("As a general rule, the risk of substantial prejudice increases with the passage of time. . . . [P]laintiffs have been denied leave to amend to add new claims or theories when the amendment is sought after the case has been pending for some time, discovery has closed, and the court is about to rule on defendant's summary-judgment motion.").

The Court discerns no palpable prejudice to Defendants from allowing the amendment and permitting the claims to be decided on their merits.

<u>Conclusion</u>

In light of the foregoing, the Court has not found that any of the factors argued by Defendants weigh in favor of denial of the proposed amendment. Given the liberal amendment policy under Rule 15(a), the motion is granted. The amended complaint is to be served per Vt. R. Civ. P. 5.

Electronically Signed on January 31, 2025, per V.R.E.F. 9(d)

Timothy B. Tomasi
Superior Court Judge